UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> CHELSEA PRIBBLE, *et al.*, <br><br> Defendants. | Case No. C23-1510-JLR-MLP <br><br> ORDER TO SHOW CAUSE |

Plaintiff Dwight Harris is currently in pre-trial detention at the King County Jail in Seattle, Washington. He has submitted to the Court for filing a prisoner civil rights complaint which the Court construes as a complaint under 42 U.S.C. § 1983. (*See* dkt. # 9.) Plaintiff's proposed complaint is somewhat difficult to understand, but he appears to allege that Kent Police Department Detective Chelsea Pribble conspired with the Clark County Police Department SWAT Team to arrest him and search his belongings without valid warrants. (*See id*. at 5, 10-13.) Plaintiff asserts that officers searched a residence where he does not live, and a vehicle that did not belong to him, and apparently seized items that are being used against him in his ongoing state court criminal proceedings. (*See id*. at 11-13.) Plaintiff seeks to have the seized items, which included a firearm, suppressed. (*See id*. at 12-13.)

ORDER TO SHOW CAUSE - 1

     Plaintiff asserts, in relation to the searches, that his fiancée, who was present at the time the residence and vehicle were searched, was "wrestled" to the ground by Clark County SWAT Team members, that her car keys were forcefully and violently taken from her, and that she subsequently suffered a miscarriage. (*See* dkt. # 9 at 4-5, 10-11.) Plaintiff attributes the miscarriage to the actions of the SWAT Team members.[1] (*See id*.)

     Plaintiff also alleges that he was not afforded an opportunity to confront his accusers, which led to the misidentification of Plaintiff as the perpetrator of the crime pursuant to which he is currently in custody. (Dkt. # 9 at 6.) Finally, Plaintiff alleges that his Sixth Amendment rights were violated but he does not allege any facts in support of that claim. (*See id*. at 7.)

     Plaintiff identifies Detective Pribble and the Clark County Police Department SWAT Team as Defendants in his proposed complaint. (Dkt. # 9 at 1, 3.) He seeks $5 million in damages. (*Id*. at 9.)

     Pursuant to 28 U.S.C. § 1915A, the Court is required to review Plaintiff's complaint to determine if he has stated any cognizable claims for relief in his pleading.[2] The Court, having conducted the requisite screening, concludes that Plaintiff has stated in his proposed complaint any claim upon which relief may be granted. Although Plaintiff's proposed complaint is not a model of clarity, the claims asserted therein appear to relate to Plaintiff's ongoing criminal proceedings and, thus, the claims are not properly before this Court at the present time.

---

[1] Plaintiff is advised that he may not assert claims on behalf of another individual in this action. If Plaintiff's fiancée wishes to pursue legal action related to the conduct of the Clark County SWAT Team, she must do so independently.

[2] Section 1915A(a) provides that "[T]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b)(1) provides that "On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is . . . frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"

ORDER TO SHOW CAUSE - 2

Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, Plaintiff is a pre-trial detainee with ongoing state criminal proceedings, and those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43-44. Plaintiff alleges no facts demonstrating that he could not bring his constitutional claims in state court. Finally, it appears that the claims asserted by Plaintiff, if considered here, could effectively enjoin the ongoing state judicial proceeding as they pertain to the validity of Plaintiff's arrest, the admissibility of inculpatory evidence, and Plaintiff's right to

ORDER TO SHOW CAUSE - 3

confront witnesses against him. It thus appears that *Younger* abstention applies to Plaintiff's claims, and that Plaintiff has therefore failed to state a claim upon which relief may be granted.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff shall show cause not later than ***thirty (30) days*** from the date on which this Order is signed why the instant complaint and action should not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk shall note this matter on the Court's calendar for **February 9, 2024**, for consideration of Plaintiff's response to this Order to Show Cause.

(3) The Clerk shall send copies of this Order to Plaintiff and to the Honorable James L. Robart.

DATED this 4th day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4