1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    DWIGHT HARRIS,

9                                    Plaintiff,          Case No. C23-1510-JLR-MLP

10          v.

11    CHELSEA PRIBBLE, *et al*.,                         REPORT AND RECOMMENDATION

12                                    Defendants.

13

14                          **I.    INTRODUCTION**

15          This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Dwight Harris is

16    currently in pre-trial detention at the King County Jail ("the Jail") in Seattle, Washington, where

17    he is awaiting trial on charges arising out of an alleged drive-by shooting. (*See* dkt. # 9.) Plaintiff

18    alleges in this action violations of his constitutional rights relating to his arrest, the search of his

19    belongings, and the validity of his ongoing criminal proceedings. (*See id*.) After screening

20    Plaintiff's proposed complaint in accordance with 28 U.S.C. § 1915A, this Court issued an Order

21    directing Plaintiff to show cause why his complaint and this action should not be dismissed for

22    failure to state a claim upon which relief may be granted (dkt. # 10), and Plaintiff has responded

23

REPORT AND RECOMMENDATION
PAGE - 1

to that Order (*see* dkt. ## 13-14). Plaintiff has also submitted to this Court for consideration a motion to appoint counsel. (Dkt. # 12.)

The Court, having now reviewed Plaintiff's submissions, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint (dkt. # 9) and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Court further recommends that Plaintiff's motion to appoint counsel (dkt. # 12) be denied as moot.

## II.    BACKGROUND

Plaintiff initiated this action on September 28, 2023, by submitting to the Court for consideration a motion for preliminary injunction and temporary restraining order. (Dkt. # 1.) Plaintiff did not submit with his motion an actual pleading, though he subsequently corrected this deficiency by submitting a proposed civil rights complaint to the Court for consideration on December 28, 2023. (*See* dkt. ## 7, 9.)

Plaintiff's proposed complaint was somewhat difficult to decipher. However, he appeared to allege therein that Kent Police Department Detective Chelsea Pribble conspired with the Clark County Police Department SWAT Team to arrest him and search his belongings without valid warrants. (*See* dkt. # 9 at 5, 10-13.) Plaintiff asserted that officers had searched a residence where he did not live as well as a vehicle that did not belong to him, and that they seized items now being used against him in his ongoing state court criminal proceedings. (*See id*. at 11-13.) Plaintiff requested that the seized items, which included a firearm, be suppressed.[1] (*See id*. at 12-13.)

---

[1] Plaintiff also asserted that his fiancée, who was present at the time the residence and vehicle were searched, was "wrestled" to the ground by Clark County SWAT Team members, that her car keys were

1    Plaintiff also alleged in his proposed complaint that he was not afforded an opportunity to

2    confront his accusers, which led to the misidentification of him as the perpetrator of the crime

3    pursuant to which he is currently in custody. (Dkt. # 9 at 6.) Finally, Plaintiff alleged that his

4    Sixth Amendment rights were violated but he failed to allege any facts in support of that claim.

5    (*See id*. at 7.)

6        Plaintiff identified Detective Pribble and the Clark County Police Department SWAT

7    Team as Defendants in his proposed complaint. (Dkt. # 9 at 1, 3.) He requested $5 million in

8    damages. (*Id*. at 9.)

9        After screening Plaintiff's proposed complaint, this Court determined that Plaintiff had

10   not stated therein any claim upon which relief may be granted. Thus, on January 4, 2024, this

11   Court issued an Order directing Plaintiff to show cause why his complaint and this action should

12   not be dismissed. (Dkt. # 10.) The Court explained that Plaintiff's claims appeared to relate to his

13   ongoing criminal proceedings, and that they were therefore not properly before the Court at the

14   present time because federal courts will generally not intervene in pending state court criminal

15   proceedings absent extraordinary circumstances. (*See id*. at 2-4 (citing *Younger v. Harris*, 401

16   U.S. 37 (1971)).)

17       On January 19, 2024, Plaintiff filed a timely response to the Court's Order to Show

18   Cause. (Dkt. # 13.) Plaintiff asserts in his response that he has minimal experience in civil law

19   and that he has no access to a "real" law library, only limited access to "a small room with a

20   computer." (*Id*. at 1.) Plaintiff also sets forth three "averment[s] of material fact" that are

21

_____

22   forcefully and violently taken from her, and that she subsequently suffered a miscarriage. (*See* dkt. # 9 at
     4-5, 10-11.) Plaintiff attributed the miscarriage to the actions of the SWAT Team members. (*See id*.) As
     Plaintiff was previously advised, he may not pursue claims on behalf of another individual in this action.

23   (*See* dkt. # 10 at 2 n.1.)

REPORT AND RECOMMENDATION
PAGE - 3

apparently intended to respond to the substance of the Order to Show Cause. (*See id*. at 1-3.)
First, Plaintiff asserts that Detective Pribble did not have probable cause to hold him over for
trial because the Jail booking form was not filled out properly and was not signed by a judge. (*Id*.
at 1-2.) Plaintiff next asserts that he was originally refused entry into the Jail and was instead
transported to the Harborview Medical Center psychiatric ward for evaluation where he was
diagnosed with post-traumatic stress disorder ("PTSD"), an unspecified mood disorder, and
paranoia. (*Id*. at 2.) Finally, Plaintiff asserts that he has suffered "extraordinary circumstances"
and that "the danger of irreparable harm is both great and immediate" because he has sleep apnea
and he has been advised by the Jail medical staff that they are unable to provide him with a
C-PAP machine, which he claims puts his life in imminent danger. (*See id*. at 2-3.)

On February 2, 2024, Plaintiff filed a supplemental response to the Court's Order to
Show Cause. (Dkt. # 14.) Though Plaintiff's writing is illegible in places, he appears to argue
that his constitutional claims should be considered here because bad faith is evident. (*See id*. at
3.) Plaintiff asserts in support of this argument that search and/or arrest warrants issued in
relation to his criminal case are facially defective, and that Detective Pribble sought to apprehend
him for the crime with which he is currently charged despite the fact that he did not match the
description of individuals initially identified as suspects in relation to the crime. (*Id*. at 3.)
Plaintiff appears to further argue that harassment was employed by Kent Police Department
detectives in acquiring cellphone location information relevant to the charged offense without
proper authorization. (*See id*.) Finally, Plaintiff appears to argue that extraordinary circumstances
exist because he was misidentified as the perpetrator of the alleged crime, he has been
overcharged in the pending criminal action, and the Kent Police Department is aware he has been
falsely accused of wrongdoing in the past. (*See id*. at 3-5.)

REPORT AND RECOMMENDATION
PAGE - 4

### III.    DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As noted above, this Court, in conducting its original screening of Plaintiff's pleading, determined that the claims Plaintiff seeks to assert in this action relate to his ongoing state court criminal proceedings. The Court advised that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger*, 401 U.S. at 43-44. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

1    A narrow exception to *Younger* abstention exists, but only "in cases of proven harassment

2 or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

3 conviction and perhaps in other extraordinary circumstances where irreparable injury can be

4 shown is federal injunctive relief against pending state prosecutions appropriate." *See Perez v.*

5 *Ledesma*, 401 U.S. 82, 85 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar*

6 *Ass'n.*, 457 U.S. 423, 435 (1982).

7    As the Court explained in its Order to Show Cause, Plaintiff is a pre-trial detainee with

8 ongoing state criminal proceedings, and those proceedings implicate important state interests.

9 *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43-44. Plaintiff alleges no

10 facts in either his complaint, or in his responses to the Court's Order to Show Cause,

11 demonstrating that he could not bring his constitutional claims in state court. In addition, it

12 appears that the claims asserted by Plaintiff, if considered here, could effectively enjoin the

13 ongoing state judicial proceeding as they pertain to the validity of Plaintiff's arrest, the

14 admissibility of inculpatory evidence, and Plaintiff's right to confront witnesses against him.

15    Though the *Younger* criteria have all apparently been satisfied here, Plaintiff suggests in

16 his responses to the Order to Show Cause that an exemption to application of the *Younger*

17 doctrine exists. In his initial response to the Order to Show Cause, Plaintiff claims that Detective

18 Pribble lacked probable cause to hold him over for trial because the Jail booking form was not

19 properly filled out. However, assuming the booking paperwork was improperly completed, this

20 does not constitute an extraordinary circumstance sufficient to render his constitutional claims

21 viable here. Moreover, questions regarding probable cause are properly addressed by the state

22 courts in the first instance.

23

REPORT AND RECOMMENDATION
PAGE - 6

Plaintiff also points to his mental health issues and to an alleged lack of adequate care for his sleep apnea by the Jail health services staff as reasons for the Court to allow him to proceed with this action. However, these issues are not relevant to the question of whether it is appropriate for the Court to consider claims relating to Plaintiff's ongoing criminal proceedings, but instead, go to the question of whether the conditions of Plaintiff's current confinement are lawful. Plaintiff does not assert in his pleading any claims challenging the conditions of his confinement at the Jail and, thus, such claims are not properly before the Court at this time.

In his supplemental response to the Order to Show Cause, Plaintiff more specifically addresses issues relevant to the question of whether an exemption to application of the *Younger* abstention doctrine exists in this case. However, while Plaintiff argues that bad faith, harassment, and extraordinary circumstances all are present here, he has produced no evidence of harassment, nor has he demonstrated that his prosecution has been undertaken in bad faith. Plaintiff's challenges to the admissibility of certain evidence and to the viability of the charges pending against him are properly adjudicated by the state courts in the first instance.

As the *Younger* criteria are satisfied here, and as Plaintiff has not demonstrated that an exemption to application of the *Younger* abstention doctrine exists in the circumstances of this case, this Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under § 1983 at the present time.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint (dkt. # 9) and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. This Court further recommends that Plaintiff's

REPORT AND RECOMMENDATION
PAGE - 7

pending motion to appoint counsel (dkt. #12), be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 8, 2024**.

DATED this 13th day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8