1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    DWIGHT HARRIS,                          CASE NO. C23-1510JLR

11                          Plaintiff,        ORDER ADOPTING REPORT
                                              AND RECOMMENDATION AND
12             v.                             DISMISSING CASE

13    KENT POLICE DEPARTMENT
      DETECTIVE, et al,

14
                          Defendants.
15

16        Before the court is Magistrate Judge Michelle L. Peterson's report and

17 recommendation, in which she recommends that the court (1) dismiss *pro se* Plaintiff

   Dwight Harris's amended 42 U.S.C. § 1983 civil rights complaint without prejudice and
18
   (2) deny Mr. Harris's motion to appoint counsel as moot.  (R&R (Dkt. # 15); *see* Am.
19
   Compl. (Dkt. # 9); Counsel Mot. (Dkt. # 12).)  Mr. Harris filed timely objections.  (Obj.
20
   (Dkt. # 16).)  Because the court has not yet issued summons, neither Defendant Chelsea
21
   Pribble nor Defendant Clark County Police Department SWAT Team (together,
22

ORDER - 1

"Defendants") has appeared in this matter.  (*See generally* Dkt.)  Having carefully reviewed the foregoing documents, the relevant portions of the record, and the governing law, the court ADOPTS the report and recommendation; DISMISSES Mr. Harris's civil rights complaint without prejudice; and DENIES Mr. Harris's motion to appoint counsel as moot.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Because Mr. Harris is proceeding *pro se*, the court must interpret his complaint and objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Mr. Harris is a pre-trial detainee at the King County Correctional Facility, where he is awaiting trial on charges relating to an alleged drive-by shooting.  (*See generally* Am. Compl.)  He alleges that Defendants violated his constitutional rights by subjecting him to an unlawful search, seizure, and arrest and by depriving him of the opportunity to confront his accusers.  (*See generally id.*)  He also asserts that Defendants violated his Sixth Amendment rights, but he alleges no facts to support that claim.  (*See id.* at 7.)

Magistrate Judge Peterson recommends that the court dismiss Mr. Harris's complaint pursuant to 28 U.S.C. § 1915A, under which the court must screen complaints

1  filed by prisoners against government officials and "dismiss the complaint, or any portion

2  of the complaint, if the complaint:  (1) is frivolous, malicious, or fails to state a claim

3  upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

4  immune from such relief."  (R&R at 5-8 (citing 28 U.S.C. § 1915A(a)-(b)).)  Specifically,

5  she recommends that the court abstain from considering this case under *Younger v.*

6  *Harris* because Mr. Harris (1) is a pre-trial detainee whose state-court criminal

7  proceedings are ongoing; (2) raises claims that relate to those ongoing state-court

8  criminal proceedings; and (3) has not demonstrated "extraordinary circumstances"

9  justifying an exception to *Younger* abstention.  (*Id.* (first citing *Younger*, 401 U.S. 37,

10 43-44 (1971); and then quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).)

11     In his objections, Mr. Harris asserts that the state courts are conspiring with the

12 police to deny him his constitutional rights.  (Obj. at 2.)  He argues that his rights under

13 the Speedy Trial Act have been violated and that certain evidence Defendants used to

14 support his criminal charge was unlawfully obtained and must be suppressed.  (*Id.* at

15 2-3.)  He also urges the court to find that extraordinary circumstances justify an exception

16 to *Younger* abstention because he has been subjected to solitary confinement in violation

17 of the Eighth Amendment.  (*Id.* at 4-5.)

18     Having considered Mr. Harris's objections and having reviewed the report and

19 recommendation de novo, the court ADOPTS the report and recommendation.  *Younger*

20 requires a district court to dismiss a federal action if state proceedings are (1) ongoing,

21 (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity

22 to raise the federal issue.  *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268

1    F.3d 791, 799 (9th Cir. 2001) (citation omitted).  The court agrees with Magistrate Judge

2    Peterson that these criteria are satisfied here because Mr. Harris's ongoing state-court

3    criminal proceedings implicate important state interests and there is nothing to indicate

4    that Mr. Harris cannot raise claims that he was subjected to an unlawful search and

5    seizure, deprived of an opportunity to confront his accusers, or suffered a Sixth

6    Amendment violation in his criminal case.  (*See* R&R at 5-8.)  Furthermore, the court

7    does not find that solitary confinement, without more, constitutes the type of

8    extraordinary circumstance that would justify an exception to the abstention doctrine.

9         Therefore, for the foregoing reasons, the court ORDERS as follows:

10        1.    The court ADOPTS the report and recommendation (Dkt. # 15) in full;

11        2.    Mr. Harris's amended complaint (Dkt. # 9), and this action, are

12   DISMISSED without prejudice;

13        3.    Mr. Harris's motion to appoint counsel (Dkt. # 12) is DENIED as moot;

14   and

15        4.    The Clerk is DIRECTED to send copies of this order to Mr. Harris and to

16   Magistrate Judge Peterson.

17        Dated this 5th day of March, 2024.

18

19

20        JAMES L. ROBART
          United States District Judge

21

22

ORDER - 4